**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO VITO PEREZ-GUZARO, | No.   16-72744 |
| Petitioner, | Agency No. A200-974-781 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2022**
Pasadena, California

Before:  McKEOWN and OWENS, Circuit Judges, and HELLERSTEIN,***
District Judge.

Pedro Perez-Guzaro, a citizen of Guatemala, seeks review of the Board of

Immigration Appeals' ("BIA") decision dismissing his appeal of the Immigration

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1). "When, like here, the BIA issues its own decision but adopts particular parts of the IJ's reasoning," *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020), we review "the reasons explicitly identified by the BIA" and "the reasoning articulated in the IJ's oral decision in support of those reasons," *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (citation omitted). We review adverse credibility determinations under the "substantial evidence" standard. *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021). We deny the petition for review.

As a preliminary matter, Perez-Guzaro waived any challenge to the agency's determination that he failed to identify a cognizable social group of which he is a part. While he did not waive a challenge to the agency's adverse credibility determination, Perez-Guzaro points to no evidence that would compel a reasonable adjudicator to reverse this determination. *See Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). The BIA specifically noted the IJ's findings that Perez-Guzaro "was not a credible witness based on his demeanor, certain implausible testimony, and discrepancies between his testimony and written statement concerning when he had encounters with gang members, the number of encounters he had, where those encounters occurred, and what happened during each encounter." The BIA also noted the IJ's alternative finding that Perez-Guzaro did not prove that his asylum

application was timely filed, a finding that Perez-Guzaro similarly fails to challenge on appeal. We affirm the adverse credibility determination and the agency's denial of asylum. In light of the adverse credibility determination, we also conclude that the agency did not abuse its discretion in denying humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1)(iii) (requiring showing of past persecution).

We likewise affirm the agency's denial of withholding. Because Perez-Guzaro failed to meet the lower burden of proof for asylum, he necessarily failed to meet the higher burden of proof for withholding, so substantial evidence supports the agency's conclusion. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's conclusion that Perez-Guzaro failed to establish eligibility for protection under CAT. Perez-Guzaro's CAT claim was premised on the same testimony deemed incredible for his other claims. Although an adverse credibility determination does not necessarily doom a CAT application, *see Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003), Perez-Guzaro has provided no other particularized evidence to show that he faces a clear probability of torture. Further, he has provided no particularized evidence that any such harm would be inflicted by or with the complicity of public officials, other than general statements about conditions in Guatemala. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**